IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| GREGORY COBBLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:17-cv-05040-MDH |
| | ) | |
| JOSEPH BENSON, and | ) | |
| SAFECO INSURANCE | ) | |
| COMPANY OF ILLINOIS, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendant Joseph Benson's Motion to Dismiss. The motion has been briefed and is ripe for review.

## BACKGROUND

On June 2, 2017, this case was removed from Newton County, Missouri state court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. At the time the case was removed, defendant Benson had filed a Motion to Dismiss and Plaintiff had filed a response in the state court proceeding. (Doc. 1-2). The motion and response were filed as exhibits to the notice of removal and were not filed as motions in federal court. However, the Court has now reviewed the motion and opposition and finds it is ripe for review.

Plaintiff's Petition arises out of a motor vehicle collision with an uninsured motorist. Plaintiff claims to have been injured in the collision and is seeking underinsured motorist benefits pursuant to a policy of insurance issued by Safeco Insurance Company of Illinois. Plaintiff alleges defendant Benson was Safeco's employee and was involved in adjusting his claim. Plaintiff

1

further alleges both Safeco and Benson are liable for vexatious refusal of benefits based on the amount of money he was offered for his claim.

Defendant Benson moves to be dismissed from the lawsuit because this claim can only be made against insurance companies, not individuals, under Missouri law. Plaintiff argues Benson is an employee and agent of Safeco and is therefore a person engaged in the business of insurance for purposes of the vexatious refusal statute.

**STANDARD**

"To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A complaint is facially plausible where its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plaintiff must plead facts that show more than a mere speculation or possibility that the defendant acted unlawfully. *Id.; Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Court accepts the complaint's factual allegations as true, it is not required to accept the plaintiff's legal conclusions. *Ashcroft,* 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The court's assessment of whether the complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft,* 556 U.S. at 679. The reviewing court must read the complaint as a whole rather than analyzing each allegation in isolation. *Braden v. Wal-Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009).

**ANALYSIS**

The Court finds no basis for individual liability for a vexatious refusal to pay claim under Missouri law. Under Missouri law, an action against an insurance company for vexatious refusal to pay is governed by the following statutes that state:

> In any action *against any insurance company* to recover the amount of any loss under a policy of automobile, fire, cyclone, lightning, life, health, accident, employers' liability, burglary, theft, embezzlement, fidelity, indemnity, marine or other insurance except automobile liability insurance, if it appears from the evidence that such company has refused to pay such loss without reasonable cause or excuse, the court or jury may, in addition to the amount thereof and interest, allow the plaintiff damages not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars and a reasonable attorney's fee; and the court shall enter judgment for the aggregate sum found in the verdict.

Mo. Ann. Stat. § 375.420 (*emphasis added*).

> In any action, suit or other proceeding instituted *against any insurance company, association or other insurer* upon any contract of insurance issued or delivered in this state to a resident of this state, or to a corporation incorporated in or authorized to do business in this state, if the insurer has failed or refused for a period of thirty days after due demand therefor prior to the institution of the action, suit or proceeding, to make payment under and in accordance with the terms and provisions of the contract of insurance, and it shall appear from the evidence that the refusal was vexatious and without reasonable cause, the court or jury may, in addition to the amount due under the provisions of the contract of insurance and interest thereon, allow the plaintiff damages for vexatious refusal to pay and attorney's fees as provided in section 375.420. Failure of an insurer to appear and defend any action, suit or other proceeding shall be deemed prima facie evidence that its failure to make payment was vexatious without reasonable cause.

Mo. Ann. Stat. § 375.296 (*emphasis added*).

Under Missouri law, "a vexatious refusal to pay claim may only be brought against an insurance company or other insurer." *Starman v. Peoples Ben. Life Ins. Co.,* No. 2:05CV18JCH, 2005 WL 2123727, at *3 (E.D. Mo. Sept. 1, 2005); citing, Mo. Rev. St. §§ 375.296, 375.420; and *Schwartz v. State Farm Mut. Auto. Ins. Co.,* 174 F.3d 875, 878–79 (7th Cir.1999) (court fails to find a single case from any jurisdiction recognizing individual liability for bad faith denial of an

insurance claim, as the employee owes no special duty to the insured on which the bad faith tort could be based).

Plaintiff argues Benson, as an employee and agent of Safeco, is a person "engaged in the business of insurance." However, Plaintiff offers no case that has found individual liability for an employee of an insurance company for purposes of a vexatious refusal to pay claim. Plaintiff argues "agency law" should bind Benson as he should be substituted for the principal, Safeco. This Court disagrees and finds Benson should be dismissed as a defendant in this case.

## CONCLUSION

Wherefore, for the reasons set forth herein, the Court **GRANTS** defendant Benson's Motion to Dismiss and dismisses Benson from this lawsuit, each party to bear their own costs and expenses.

**IT IS SO ORDERED.**

DATED: September 28, 2018

                                                    */s/ Douglas Harpool*
                                                    **DOUGLAS HARPOOL**
                                                    **UNITED STATES DISTRICT JUDGE**